UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

APARNA NAGENDRA,

                              Plaintiff,
      v.                                           Case # 18-CV-6475-FPG
                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## INTRODUCTION

Plaintiff Aparna Nagendra brings this action pursuant to Title II of the Social Security Act (the "Act") seeking review of the denial of her application for adult child's disability insurance benefits ("ACDIB"). Under the Act, an unmarried, dependent, adult child of an insured wage earner may be entitled to ACDIB if she can prove that she became disabled before she turned 22. *See* 42 U.S.C. § 402(d)(1), 20 C.F.R. § 404.350(a).

Pursuant to these provisions, at the age of 35,[1] Plaintiff protectively applied for ACDIB, alleging that she had been disabled since the age of five due to Autism Spectrum Disorder and a backache.[2] Tr.[3] 151-57, 167-75. After the Social Security Administration ("SSA") denied her application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ") on February 2, 2017. Tr. 24-58. On May 10, 2017, the ALJ issued an unfavorable decision. Tr. 10-23. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became

---

[1] Plaintiff's birthdate is August 13, 1979. Tr. 164. Her alleged onset date is January 1, 1985. Tr. 164. Her application date is October 24, 2014. Tr. 151.

[2] Plaintiff makes no arguments concerning her back pain in this appeal.

[3] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

final and Plaintiff appealed it to this Court. Tr. 1-6; ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, Plaintiff's motion (ECF No. 11) is DENIED, the Commissioner's motion (ECF No. 12) is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

## LEGAL STANDARDS

### I. District Court Review

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Standard

Where, as here, a claimant applies for ACDIB after turning 18, her application is determined under the same standard as for adults applying for general disability insurance benefits. *Devizzio v. Colvin*, No. 1:14-386, 2015 U.S. Dist. LEXIS 62405, at *3-4 n.3, 4 (N.D.N.Y. Apr. 21, 2015). Like general disability claimants, an ACDIB claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the SSA has established a five-step sequential evaluation process pursuant to which an ALJ considers: (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any medically determinate impairments that are "severe" enough to significantly restrict her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits her to perform the requirements of any past relevant work; and (5) whether the claimant's RFC permits her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); 20 C.F.R. § 404.1520. "If at any point during the inquiry the ALJ is able to determine that the applicant is or is not disabled, the ALJ ceases the inquiry and renders a decision." *Klett v. Barnhart*, 303 F. Supp. 2d 477, 482 (S.D.N.Y. 2004).

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff had not reached the age of 22 by January 1, 1985, the alleged onset date, and that she had not engaged in substantial gainful activity since that date. Tr. 15. At step two, the ALJ found that Plaintiff had the medically determinable impairments of back pain[4]

---

[4] Plaintiff makes no arguments concerning her back pain in this appeal.

and Autism Spectrum Disorder, but that those impairments were not severe before she turned 22. Tr. 15. The ALJ acknowledged that Plaintiff has suffered from "significant diagnoses and limitations" since turning 22, and conceded that "the seeds of her later difficulties may have been planted in early life," but he ultimately concluded that the evidence was insufficient to prove that Plaintiff's mental impairment was severe before she turned 22. Tr. 16-18. Thus, the ALJ ended the sequential evaluation at step two and determined that Plaintiff had not become disabled before her 22nd birthday. Tr. 19.

## II. Analysis

On appeal, Plaintiff argues that the ALJ gave insufficient weight to the opinion of examining psychologist John Thomassen, Ph.D., and that the ALJ should have sought a medical expert's opinion to determine the onset date for Plaintiff's disability pursuant to Social Security Ruling 83-20, 1983 SSR LEXIS 25 ("SSR 83-20"). The Court disagrees with both arguments.

### A. Dr. Thomassen's Opinion

Dr. Thomassen evaluated Plaintiff in 2016 when Plaintiff was 36 years old. Based on Plaintiff's longitudinal treatment records, test results, and interviews with Plaintiff's parents, Dr. Thomassen noted various indicators of abnormal functioning, including odd postural, hand, and tongue movements, unresponsiveness, social isolation, paranoia, poor judgment and limited insight into her impairments, a severe decline in her grades after her first semester of college, weaknesses with memory and information processing, and the inability to understand when others have thoughts or ideas different from her own. Tr. 356-58. He noted that Plaintiff had been suspected to have Asperger's Disorder in 2011 and was diagnosed with "Autism Spectrum Disorder both currently and in the early developmental period" in 2014. Tr. 358.

Dr. Thomassen also administered tests and evaluated Plaintiff's mental status. Tr. 358-61. He diagnosed Plaintiff with Autism Spectrum Disorder and explained that her tests scores indicated both current and early developmental symptoms of Autism. Tr. 362. He also noted that Plaintiff's parents' reports of her behavior, as well as his own observations, were consistent with her medical history and were indicative of early symptoms of Autism. Tr. 361. He explained that "[i]t is not unusual for individuals with Autism Spectrum Disorder to go undiagnosed for many years if they are quiet and present with no behavioral problems, [but] when social challenges become more demanding and they are not able to meet those demands, the social deficits may become more evident." Tr. 362. He opined that Plaintiff became symptomatic in 11th grade and progressed from there. Dr. Thomassen explained that "Autism is a pervasive developmental disorder that is generally understood to be present from birth" and that based on Plaintiff's "history and evaluations, autistic symptoms became more apparent and marked in adolescence, prompting psychological and psychiatric treatments." Tr. 363. Dr. Thomassen concluded that Plaintiff's "symptoms have persisted to this day and will likely be lifelong as she faces many challenges and lacks the capacity to live independently and self-sufficiently." Tr. 363.

Plaintiff argues that the ALJ gave insufficient weight to Dr. Thomassen's opinion.[5] The Court disagrees.

The ALJ analyzed Dr. Thomassen's opinion along with the opinions from several other providers who evaluated Plaintiff after she turned 22, all of whom noted mental impairments, but none of whom provided retrospective opinions as to the severity of those impairments before

---

[5] Plaintiff does not develop this argument except to complain that the ALJ only mentioned Dr. Thomassen's opinion in passing. ECF No. 11-1 at 11. "Issues that are not sufficiently argued in a plaintiff's briefs are considered waived." *Moslow v. Berryhill*, No. 1:16-cv-00198-MAT, 2019 U.S. Dist. LEXIS 58651, at *5-6 (W.D.N.Y. Apr. 4, 2019) (citing *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)). Even considering Plaintiff's argument, the Court finds no error in the ALJ's assignment of "some weight" to Dr. Thomassen's opinion.

Plaintiff turned 22. The ALJ gave all of these opinions "some weight," finding that they were consistent with each other regarding Plaintiff's condition after turning 22, but were less consistent with her treatment history before turning 22. Tr. 17. The Court finds no error here.

First, while

> [a]n ALJ should attribute significant (though not controlling) weight to a retrospective diagnosis from a physician who is currently treating a claimant but who was not treating the claimant during the relevant time period, . . . a retrospective diagnosis from a physician, particularly one who was not the claimant's treating physician during the relevant time period, may carry less weight if the diagnosis is inconsistent with other substantial evidence in the record.

*Klett*, 303 F. Supp. 2d at 484. Here, Dr. Thomassen was not Plaintiff's treating physician at any time: he did not see her at all before she turned 22, and he only evaluated her once in 2016, when she was 36 years old.

Second, despite giving only "some weight" to Dr. Thomassen's opinion, the ALJ appears to have fully credited his Autism diagnosis, even before Plaintiff turned 22. The Court fails to see how giving more weight to Dr. Thomassen's opinion would have changed the ALJ's ultimate decision.

Finally, giving more weight to Dr. Thomassen's opinion would not have established that Plaintiff's Autism was a severe impairment because Dr. Thomassen did not opine as to the severity or limiting effects of Plaintiff's Autism before she turned 22. Courts in this circuit have routinely held that "[t]he mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment, is not, by itself, sufficient to render a condition severe." *Ryan v. Colvin*, No. 15-CV-74S, 2017 U.S. Dist. LEXIS 78313, 2017 WL 2240256, at *3 (W.D.N.Y. May 23, 2017). "Rather, the evidence must show that the disease or impairment has caused functional limitations that preclude the claimant from engaging in any work activity." *Peguero v. Apfel*, No. 00 Civ. 0173 (GEL) (RLE), 2001 U.S. Dist. LEXIS 11589, at *18 (S.D.N.Y.

6

Aug. 3, 2001). Accordingly, the Court finds no error in the ALJ's evaluation of Dr. Thomassen's opinion.

B.  **SSR 83-20**

Plaintiff next argues that, pursuant to SSR 83-20, the ALJ should have sought the opinion of a medical expert as to the date of onset of her disabling Autism. Again, the Court disagrees.

In cases "where a claimant with an alleged disability onset date preceding her 22nd birthday" applies for ACDIB "and has already been found disabled under another title of [the Act] but for the period post-dating her 22nd birthday, [SSR 83-20] requires the ALJ to determine the onset date of disability." *Plumley v. Astrue*, No. 2:09-CV-42, 2010 U.S. Dist. LEXIS 11296, at \*14-15 (D. Vt. Feb. 8, 2010). When the onset date of disability is ambiguous, SSR 83-20 encourages the ALJ to enlist a medical expert to assist in inferring an onset date. *Id.* at 14, 23-25.

It is not clear whether SSR 83-20 applies in a case like this, where the plaintiff has *not* already been found to be disabled. In *Baladi v. Barnhart*, 33 F. App'x 562, 564 (2d Cir. 2002) (summary order), the Second Circuit held that "the ALJ's determination that plaintiff was not disabled obviated the duty under [SSR 83-20] to determine an onset date." Citing *Baladi*, several district courts in this circuit have held that SSR 83-20 does not apply when a claimant has not already been found to be disabled. *See Small v. Astrue*, No. 3:11-cv-933 (GLS), 2012 U.S. Dist. LEXIS 168600, at \*7 n.5 (N.D.N.Y. Nov. 28, 2012) (holding that the determination of an onset date "presupposes a finding of disability"); *Palmer v. Astrue*, No. 1:10-cv-151-jgm, 2011 U.S. Dist. LEXIS 99634, at \*18 (D. Vt. Sep. 2, 2011); *Thibault v. Astrue*, No. 5:10-CV-188, 2011 U.S. Dist. LEXIS 123727, at \*12 (D. Vt. June 20, 2011) ("[T]he premise behind [SSR 83-20] is that an ALJ must have already found the claimant to have been disabled. Conversely, it is well-established that, in cases where the ALJ does not find the claimant to have been disabled at any point in time,

the procedures proscribed in [SSR 83-20] are inapplicable."); *Loren v. Astrue*, 553 F. Supp. 2d 281, 288 (W.D.N.Y. 2008).

Other district courts, however, have indicated that *Baladi* is distinguishable from cases where the ALJ does "not address whether Plaintiff was disabled as of the decision date, but rather relie[s] on the record's ambiguity about the onset date to find that Plaintiff was not disabled as of Plaintiff's date last insured" (or here, as of her 22nd birthday). *Sherman v. Berryhill*, 2018 U.S. Dist. LEXIS 45778, at *27 n.7 (S.D.N.Y. Mar. 20, 2018). *See McGinley v. Berryhill*, No. 17-cv-2182 (JGK) (RWL), 2018 U.S. Dist. LEXIS 128367, at *49-50 (S.D.N.Y. July 30, 2018); *Blanda v. Astrue*, No. 05-CV-5723 (DRH), 2008 U.S. Dist. LEXIS 45319, at *40 (E.D.N.Y. June 9, 2008).

The Court need not decide this issue now, though, because SSR 83-20 only calls for the ALJ to enlist a medical expert if the evidence regarding the disability onset date is ambiguous. *Plumley*, 2010 U.S. Dist. LEXIS 11296, at *23-25. Ambiguity warranting the use of a medical expert usually arises "when there is no contemporaneous medical documentation." *Id.*; *see also Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *22 (N.D.N.Y. Dec. 1, 2016) ("When the ALJ must make an inference regarding the onset date because of the lack of dispositive contemporaneous evidence, she 'should call on the services of a medical advisor.'") (quoting SSR 83-20). Here, the record contained contemporaneous medical evidence from before Plaintiff turned 22.

Specifically, the record indicated that Plaintiff first attended counseling in 11th grade because she would not get out of bed for school unless prodded by her parents. Tr. 353. She was not given a diagnosis or prescribed any medication at that time. Tr. 353. In 1998, after her grades sharply declined following her first semester of college, she treated with a psychiatrist, Dr. Christopher Hodgman, who diagnosed her with acute paranoid psychosis. Tr. 248-254; 323-332,

353. Dr. Hodgman treated Plaintiff for paranoid thoughts and prescribed her medication, but she experienced side effects and was resistant to taking any medication. Tr. 248-254; 323-332. In 2000, Plaintiff was evaluated by Dr. Khalid Hubeishy, who diagnosed her with psychosis, but noted that by the time he evaluated her, her acute symptoms had resolved. Tr. 345. The ALJ also emphasized that Plaintiff experienced some improvement while treating with Dr. Hodgman in 1998, was able to earn an undergraduate degree in four years despite a decline in her grades after her first semester, and was able to attain a black belt in Tae Kwan Do at age 21. Tr. 16-17.

The ALJ did not find the record to be inadequate or rely on the ambiguity of the evidence to determine that Plaintiff was not disabled as of her 22nd birthday. Rather, he considered the contemporaneous evidence in evaluating the severity of Plaintiff's Autism before she turned 22. While Plaintiff cites evidence that she argues could support a finding that her Autism was a severe impairment before she turned 22, "the issue for the Court to resolve is not whether [Plaintiff] presented evidence supporting [her] claim that [she] was disabled during the relevant period, but whether the record contained substantial evidence supporting the ALJ's determination that [Plaintiff] was not disabled at that time." *Klett*, 303 F. Supp. 2d at 485; *see also Plumley*, 2010 U.S. Dist. LEXIS 11296, at *25 ("It is important to understand that the issue of whether a medical advisor is required under [SSR 83-20] does not turn on whether the ALJ could reasonably have determined that [claimant] was not disabled" during the relevant period) (quoting *Grebenick v. Chater*, 121 F.3d 1193, 1200-01 (8th Cir. 1997)). "Where there is substantial evidence supporting either position, the Court must defer to the determination of the factfinder." *Klett*, 303 F. Supp. 2d at 485 (affirming finding that claimant was not disabled where, like here, the evidence showed that plaintiff was troubled during his college years and for much of his life, and it was impossible to pinpoint a specific onset date, but substantial evidence supported the ALJ's decision).

9

Thus, the Court finds nor error in the ALJ's failure to call upon a medical expert to determine Plaintiff's alleged onset date.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 9, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court